UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CV-61766-VALLE

CONSENT CASE

SAMRAJ BALIRAM, *on behalf
of himself and others similarly*,

    Plaintiffs,

    v.

REXALL SUNDOWN, INC.
*a Florida Corporation.*, et al.,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Dismiss Lawsuit with Prejudice (the "Motion") (ECF No. 35). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 30 and 31).

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiff sued Defendants to recover alleged unpaid overtime compensation. *See* (ECF No. 1). On November 9, 2016, the parties attended a settlement conference before the undersigned and settled the case. *See* (ECF No. 32). The material terms of the settlement were stated on the record. The parties have since reduced their settlement to writing and, on November 16, 2016, filed the Motion seeking dismissal of the case with prejudice.

Before this Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a

---

[1] 29 U.S.C. §§ 201 *et seq.*

bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the material terms announced during the settlement conference have been reduced to writing in the Settlement Agreement and General Release (the "Settlement Agreement").  In scrutinizing the Settlement Agreement, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court has also considered that Plaintiff's claims were disputed as to liability and amount and that all parties were represented by counsel.  Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amount designated for attorney's fees and costs.  Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the

amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The parties' Joint Motion to Dismiss Case (ECF No. 35) is **GRANTED**, the parties' Settlement Agreement and General Release is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2) The Court retains jurisdiction for 30 days from the date of this Order to enforce the terms of the Settlement Agreement.

(3) The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on November 21, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record